622 F.2d 296
 104 L.R.R.M. (BNA) 2652, 88 Lab.Cas. P 12,075
 LOCKWOVEN COMPANY and Ark Garment Company, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent,
and
Missouri Mississippi River Valley District Council,
International Ladies' Garment Workers' Union
AFL-CIO, Intervenor.
 No. 79-1850.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 22, 1980.
Filed May 30, 1980.
 
 Ronald K. Fisher, Harris, Dowell, Fisher, McCarthy & Kaemmerer, St. Louis, Mo., for petitioner.
 Diana O. Ceresi, Atty., N.L.R.B., Washington, D. C., for respondent; John D. Burgoyne, Asst. Gen. Counsel, James Y. Callear, Atty., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen. Counsel and Elliott Moore, Deputy Associate Gen. Counsel, Washington, D. C., on brief.
 Morris J. Levin, Levin & Weinhaus, St. Louis, Mo., for intervenor-respondent, Missouri Mississippi River Valley, etc.; Sheldon Weinhaus, St. Louis, Mo., on brief.
 Before HEANEY, Circuit Judge, GIBSON, Senior Circuit Judge, and ROSS, Circuit Judge.
 PER CURIAM.
 
 
 1
 Lockwoven Company and Ark Garment Company petition for review of an order of the National Labor Relations Board (NLRB) which affirmed the issuance of a bargaining order by the Administrative Law Judge (ALJ). The NLRB has cross-applied for enforcement of the order.
 
 
 2
 On April 5, 1978, the union sought recognition from the company based on the signing of union authorization cards by a majority of the company's employees. The company refused recognition and a strike was initiated on April 11, 1978. Although thirty-five out of thirty-nine employees initially participated in the strike, employees began to return to work on April 17, 1978, and the union officially terminated the strike on April 18, 1978. Shortly after returning to work, a majority of employees also withdrew their union authorization cards.
 
 
 3
 The ALJ found that the company had undermined employee support of the union by threatening loss of seniority, by promising and granting benefits and by soliciting and assisting employees in the withdrawal of authorization cards. The ALJ also found that the company violated section 8(a)(3) and (1) of the National Labor Relations Act by discharging a striking employee and failing to reinstate another employee.
 
 
 4
 We have listened to the arguments and reviewed the record and the briefs of the parties. We find that the decision of the Board is supported by substantial evidence on the record as a whole. Therefore, pursuant to Rule 14 of the Rules of this court, we grant the cross-application for enforcement of the NLRB order.